UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
----------------------------
                           )
UNITED STATES OF AMERICA    )    CRIMINAL NO. 01-10423-REK
                           )
         v.                 )
                           )    18 U.S.C. § 1960
                           )    (Operating an Illegal Money)
MOHAMED M. HUSSEIN,         )        Transmittal Business)
LIBAN M. HUSSEIN,           )    18 U.S.C. § 982
                           )     (Criminal Forfeiture)
              Defendants.   )
                           )
----------------------------
```

DOCKETED

INDICTMENT

The Grand Jury charges that at all times relevant to the Indictment:

INTRODUCTION

1. Defendants Mohamed M. Hussein and Liban M. Hussein operated Barakaat North America, Inc. ("BNA" or "Barakaat") located at 925 Washington Street #1, Dorchester, Massachusetts. Documents filed with the Massachusetts Secretary of State on behalf of Barakaat listed Liban M. Hussein as the President of Barakaat and Mohamed Hussein as the Clerk of Barakaat. The Articles of Organization filed for Barakaat state that the purpose of the corporation is to engage in the business of "money transfer by electronic means."

2. Barakaat accepted funds in Dorchester, Massachusetts for transmission in interstate and foreign commerce. At least a

1

portion of the business conducted at Barakaat involved the transmittal of funds, for a fee, from Dorchester, Massachusetts and elsewhere to the United Arab Emirates ("UAE").

3.   Under Massachusetts law, a business which accepts deposits of money for the purpose of transmitting money to foreign countries is required to obtain a license authorizing the operation of a foreign money transmittal business from the Commonwealth of Massachusetts.  Specifically, it is a misdemeanor under Massachusetts General Laws Chapter 169, Section 16 to operate a foreign money transmittal business without such a license.

4.   On or about August 7, 2000, Liban Hussein, as President of Barakaat North America, Inc., filed an application with the Commonwealth of Massachusetts, Division of Bank and Loan Agencies ("Division of Banks"), to obtain a License to Engage in the Business of Receiving Deposits of Money for Transmission to Foreign Countries.  The application listed Albaraka Exchange, Bander Taleb, Dubai, UAE as an affiliated company and included a list of Barakaat bank offices in Somalia. The application further stated that the money transmittal business would be conducted from 925 Washington Street #1, Dorchester, Massachusetts 02124.

5.   According to the application, funds to be transmitted through Barakaat would be deposited at Citizens Bank, account number 1103197816 ("the Barakaat Citizens account").

2

6.    The application submitted to the Division of Banks included a number of Barakaat money transfer receipts which indicated that individuals in the greater Boston area and Portland, Maine had already transmitted funds through Barakaat, even though it was unlicenced. Each of the transfer receipts bore a Money Transfer Control Number.  The control numbers began either with the letters "BTN" followed by eight numeric digits or "ABTN" followed by seven numeric digits.

7.    On or about September 5, 2000, following the receipt of Barakaat's application for a money transmittal license, the Division of Banks sent Liban Hussein, President, Barakaat North America, Inc., 925 Washington Street, Dorchester, Massachusetts 02124, a letter stating that, based on the materials submitted with Barakaat's application, it appeared that Barakaat was engaged in the business of transmitting funds to foreign countries without a license to do so and ordered that it cease engaging in foreign transmittal activities without a license. The letter further stated that it was a crime, punishable by fine and/or imprisonment, to transmit funds to a foreign country without a license. Finally, the letter also listed additional documents and information required by the Division of Banks to complete Barakaat's application for a foreign money remitter license.  Therefore, Liban and Mohammed Hussein, officers of Barakaat, were aware of the State licensing requirement and knew

3

that Barakaat did not have such a license from the Division of Banks. Nonetheless, Liban and Mohammed Hussein intentionally operated a money transmitting business at 925 Washington Street, Dorchester, Massachusetts by intentionally accepting deposits of money for the purpose of transmitting funds to foreign countries, including the UAE.

8. Thereafter, on or about December 5, 2000, the Division of Banks sent a follow up letter to Liban Hussein, President, Barakaat North America, Inc., 925 Washington Street, Dorchester, Massachusetts, indicating that the Division of Banks had not received a response to its September 5, 2000 letter. The letter further reiterated that it was a crime to operate a foreign money transmittal business without a license.

9. On or about December 15, 2000, an attorney, acting on behalf of Barakaat, sent a response to the Division of Banks, which stated that Barakaat was withdrawing their application for a foreign money remitter license.

10. According to the Division of Banks, as of October 24, 2001, it had not received a new remitter application from Barakaat North America, Inc., nor had Barakaat received a license to operate a foreign money transmittal license.

11. The United States Customs Service ("Customs Service") is authorized to investigate potential violations of 18 U.S.C. § 1960. In the course of investigating such violations, the

4

Customs Service conducted surveillance and related investigation in October 2001, during which Special Agents of the Custom Service observed Mohammed Hussein conducting banking transactions on behalf of Barakaat at Citizens Bank, using the Barakaat Citizens bank account. These transactions included the deposit of cash and checks from a number of different people, with bank accounts in various locations including Massachusetts and elsewhere.

12.   Between July 5, 2001 and September 26, 2001, 28 wire transfers totaling approximately $595,373, were sent from the Barakaat Citizens account to a bank in the UAE, for the benefit of Al Baraka Exchange, which had been identified in the initial license application as being affiliated with Barakaat North America. Further, also during this time period, checks written against the Barakaat Citizens account included a notation in the memo section that began with the letters "BTN" and were followed by numeric digits.  This notation system is virtually identical to the numbering noted on the Barakaat money transfer receipts submitted to the Division of Banks with Barakaat's original transmittal license application.

13.   In addition to the Barakaat Citizens account, Barakaat North America, Inc., 925 Washington Street, Suite 1, Dorchester, Massachusetts also maintained account number 0061191334006209 at Key Bank in Portland, Maine.  Subsequent to September 5, 2000, wire transfers were also sent from this account to a bank in the UAE for the benefit of Albaraka Exchange.

5

COUNT 1

(Operating an Illegal Money Transmittal Business)

14.   Paragraphs 1-13 are incorporated by reference.

15.   Beginning on a date unknown to the grand jury, but no later than September 5, 2000 and continuing through November 7, 2001, in the District of Massachusetts and elsewhere,

MOHAMED M. HUSSEIN
LIBAN M. HUSSEIN

the defendants, did knowingly conduct, control, manage, supervise, direct, and own all or part of a business, knowing that such business was an illegal money transmitting business; to wit, the defendants operated Barakaat North America, Inc., a money transmitting business affecting interstate and foreign commerce, without obtaining a license from the Commonwealth of Massachusetts to operate such a business, which is punishable as a misdemeanor under Massachusetts General Laws, Chapter 169, Section 16.


All in violation of Title 18, United States Code, Sections 1960 and 2.

6

ILLEGAL MONEY TRANSMITTAL FORFEITURE ALLEGATION

(18 U.S.C. § 982 - Criminal Forfeiture)

The Grand Jury further charges that:

16. As a result of the offenses alleged in Count One,

**MOHAMED M. HUSSEIN**
**LIBAN M. HUSSEIN**

defendants herein, shall forfeit to the United States any and all

property, real or personal, involved in such offense, or any

property traceable to such property, including, but not limited

to:

a.   all funds on deposit in Citizens Bank account number
1103197816 as of November 7, 2001, and all proceeds
traceable thereto; and

b.   all funds on deposit in Key Bank account number
0061191334006209 as of November 7, 2001, and all
proceeds traceable thereto.

17.   If any of the forfeitable property, as described in

paragraph 16 above, as a result of any act or omission of the

defendants --

(1) cannot be located upon the exercise of due

diligence;

(2)  has been transferred or sold to, or deposited

with, a third party;

(3)  has been placed beyond the jurisdiction of the

Court;

(4)  has been substantially diminished in value; or

7

(5)   has been commingled with other property which

cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendants up to the value of the property

described in paragraph 16 above.

All in violation of Title 18, United States Code, Section

982 (incorporating Title 21, United States Code, Section 853(p)).

A TRUE BILL

_____
FOREPERSON OF THE GRAND JURY


_____
ALLISON D. BURROUGHS
JOSHUA LEVY
ASSISTANT U.S. ATTORNEYS


DISTRICT OF MASSACHUSETTS; November 14, 2001.  *at 3:15 pm.*

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK


9